IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **Gamehancement LLC,** | Case No. 3:24-cv-0740-MHL |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **FOOTAGE FIRM, INC.,** | |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Gamehancement LLC ("Plaintiff"), through its attorneys, complains of FOOTAGE FIRM, INC. ("Defendant"), and alleges the following:

**PARTIES**

2. Plaintiff Gamehancement LLC is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003 New York, New York 10001.

3. Defendant FOOTAGE FIRM, INC. is a corporation organized and existing under the laws of DE that maintains an established place of business at 1515 N Courthouse Rd Ste 1000, Arlington, VA 22201.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

6.  This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.  Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

8.  Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,102,643 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '643 PATENT

9.  The '643 Patent is entitled "Method and apparatus for controlling the visual presentation of data," and issued 20026-09-05. The application leading to the '643 Patent was filed on 2002-09-04. A true and correct copy of the '643 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

10. Prior to the inventions of the '643 Patent, "prior art multimedia slideshow applications" had significant "shortcoming[s]." '643 Patent, 2:3-4.

11. For example, "it is often the case that during a slideshow the presenter will deviate from a planned sequence of slides." '643 Patent, 2:3-4. In "prior art systems" and methods, however, "when the slides are presented out of sequence, either an inappropriate

transition effect is displayed (e.g., when the planned transition is from slide 5 to slide 6 with transition effect E to be displayed therebetween, but instead the presenter transitions in an unplanned sequence from slide 5 back to slide 2, transition effect E is displayed even though it is not aesthetically congruous with a slide 5 to slide 2 transition) or an unaesthetic default transition effect is used (e.g., a straight cut)." '643 Patent, 2:6-18.

12. Thus, while using prior art multimedia slideshow applications, if presenters deviated from a planned sequence during live presentations—for instance, to address audience questions—presentations made using prior art methods and systems would either display inappropriate transition effects that were incongruous with the actual transition being made, disrupting the flow of information to viewers, or would default to basic "straight cut" transitions that appeared unprofessional and jarred viewers' attention away from the presentation content.

13. These technical limitations meant that dynamic, non-linear navigation of slides during live presentations was effectively impossible without compromising the professional quality of the visual experience.

14. "When such 'unplanned' and unaesthetic transition effects are displayed during a presentation, especially in the middle of a presentation incorporating aesthetic transitions, the audiences attention often will shift to the inappropriate and many times disruptive transition effect and away from the presenters message." '643 Patent, 2:18-24.

15. "In such cases where slides are likely to be presented out of sequence, the transition effect planned for a transition from slide 4 to slide 5 may not be appropriate for a transition from slide 4 back to slide 2." '643 Patent, 7:3-6.

16. The '643 Patent addressed these technical problems through inventive and unconventional methods allowing appropriate transition effects for any possible transition

3

between display states. At the heart of this solution is a method that associates specific transition effects with each potential pair of display configuration states, enabling the presenter to display aesthetically appropriate transitions in real-time while navigating between slides.

17. The claimed methods fundamentally improved the efficiency of presentation methods, particularly when performed on computer-based presentation systems, by eliminating the computer processing overhead required to handle transition effect configurations. The claimed methods enabled new functionality that was not previously possible, including truly dynamic, non-linear navigation during live presentations while maintaining professional-quality transitions. By following the claimed methods, instant navigation between any slides while maintaining visual continuity was possible. This represented a significant advancement over prior art systems, which could not maintain visual quality during dynamic navigation.

18. "Toward this end, one of the features of the present invention is an association of an appropriate transition effect with each pair of current-to next state transitions that may potentially occur during a presentation. Because the selection of an appropriate transition effect is predefined for all state transitions that may occur during a presentation, the present invention eliminates the possibility of an inappropriate transition effect being implemented during the presentation, thereby increasing the professional quality of the presentation. This feature of the invention is also helpful for presentations where no predetermined slide sequence exists because it allows a presenter or viewer to make 'on the fly' determinations as to the order of slides without going through the hassle of selecting an appropriate transition effect for each transition and without worrying whether the selected transitions are appropriate." '643 Patent, 7:6-21.

19. Further, the '643 Patent recognized that "as the is often the case that during the presentation, the presenter will decide to change the sequence, either in response to audience

feed back (e.g., going back to a previous slide to review a previous topic or skipping to a later slide to address an audience question that arises) or a spur of the moment desire. In such situations, the presenter can alter the planned sequence by simply selecting the slide in area 222 that he/she wishes the audience to view next. In such cases, because the appropriate transition effects for the present invention are predefined for all possible pairs of successive display configuration states, the transition from one slide to the next will appear natural even whether or not it was planned in advance." '643 Patent, 10:49-62.

20. Thus, the claimed methods spared users from the time-consuming operations of navigating to an appropriate transition effect, selecting it, and then implementing it whenever the slide order is changed or a new slide is selected. Further, the claimed methods allowed users to access the desired slide more quickly without first being forced to select an appropriate transition effect, improving the efficiency of the user's navigation of presentation software and of the computer itself.

21. These, among other inventive concepts, are captured in the limitations of Claim 16, reciting the steps of "for each pair of potentially successive visual display configuration states, associating a transition effect therewith" and "receiving transition input indicative to transition from a current visual display configuration state to a next visual display configuration state, the transition defining a pair of successive visual display configuration states."

22. The inventive and unconventional method of Claim 16 is not and cannot be performed in the human mind.

COUNT 1: INFRINGEMENT OF THE '643 PATENT

23. Plaintiff incorporates the above paragraphs herein by reference.

24. **Direct Infringement**. Defendant directly infringed one or more claims of the '643 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '643 Patent also identified in the charts incorporated into this Count below (the "Exemplary '643 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '643 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

25. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '643 Patent Claims, by having its employees internally test and use these Exemplary Products.

26. Exhibit 2 includes charts comparing the Exemplary '643 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '643 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '643 Patent Claims.

27. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

28. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

29. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '643 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '643 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '643 Patent.

E. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 17, 2025                    Respectfully submitted,

                                           /s/ Isaac Rabicoff
                                           Isaac Rabicoff
                                           Rabicoff Law LLC
                                           4311 N Ravenswood Ave Suite 315
                                           Chicago, IL 60613
                                           7736694590
                                           isaac@rabilaw.com

                                           **Counsel for Plaintiff**
                                           **Gamehancement LLC**

7

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on January 17, 2025, via the Court's CM/ECF system.

*/s/ Isaac Rabicoff*
Isaac Rabicoff
