# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Gamehancement LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 3:24-cv-0740-MHL |
| Footage Firm, Inc., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**DEFENDANT FOOTAGE FIRM INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BASED ON 35 U.S.C. § 101**

I.  **INTRODUCTION**

On its face, the claims of the '643 patent are ineligible for patent protection under 35 U.S.C. § 101. Specifically, the claims are directed to an abstract idea—namely, applying transition effects between visual displays—and merely uses generic computer components and functions in a routine way to carry out that abstract idea. Plaintiff does not address nor dispute (as it cannot) that the patent itself admits that the claims do nothing more than automate a manual process—to "provide the functionality of a trained and intelligent director." '643 patent at 2:1-2.

All claims of the sole asserted patent in this case are directed to the abstract idea of applying transition effects between visual displays. This abstract idea, like raising and lowering a curtain during a stage performance to act as a transition between different visual displays, has been known for centuries. Plaintiff cannot circumvent the law and claim an abstract idea by simply limiting an idea to a particular technological environment or implementing it using generic or routine computer technology. *See DriverDo, LLC v. Soc. Auto Transp., Inc.*, No. 3:23-cv-265, 2024 U.S. Dist. LEXIS 58460, at *73-74 (E.D. Va. Mar. 29, 2024) ("The patents' purported invention is to ***automate this manual process*** on a conventional computer using unspecified programming, without identifying the mechanisms by which to realize that outcome. This is not patentable.").

Accordingly, Defendant respectfully moves to dismiss the Amended Complaint with prejudice under Fed. R. Civ. P. 12(b)(6).

II. **ANALYSIS**

   A.  **Claim 16 is Representative**

Plaintiff does not dispute that claim 16 is representative of the entire patent. *See* Dkt. 16 at 4, 7-8; Dkt. 21 at 4-6.

1

### B.     The '643 patent is Directed at an Abstract Concept under *Alice* Step 1

#### 1.     Claim Construction is Not Necessary

Plaintiff argues that claim construction is a prerequisite to a § 101 determination, precluding dismissal. Dkt. 21 at 5-6. Not so. "[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Reese v. Sprint Nextel Corp.*, 774 F. App'x 656, 659 (Fed. Cir. 2019). Indeed, the Federal Circuit has admonished, "A patentee must do ***more than invoke a generic need for claim construction*** . . . to avoid grant of a motion to dismiss under § 101. Instead, the patentee must propose a specific claim construction . . . and explain why [it] must be resolved before the scope of the claims can be understood for § 101 purposes." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360-61 (Fed. Cir. 2023) (citations omitted and emphasis added); *see also Simio, LLC v. Flexsim Software Prods. Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) (affirming dismissal without claim construction where plaintiff failed to "explain[] how it might benefit from any particular term's construction under an *Alice* § 101 analysis"); *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1293-94 (Fed. Cir. 2024) (affirming dismissal without claim construction where plaintiff "failed even to propose a construction it contended would make a difference to the § 101 analysis").

For instance, in *Whitserve LLC v. Dropbox, Inc.*, 854 F. App'x 367 (Fed. Cir. 2021), the Federal Circuit rejected the argument that the district court erred by dismissing under § 101 before claim construction, because the plaintiff "waived any such argument by failing to request claim construction below, and by failing to explain how a different construction of any claim term would lead to a different result." *Id.* at 373. Similarly, in *DriverDo*, this Court held "claim construction need not precede the § 101 analysis because [plaintiff] failed to assert a competing construction or articulate how such construction would alter the § 101 analysis, and because 'the basic

2

character of the claimed subject matter is readily ascertainable from the face of the patent.'" *DriverDo, LLC v. Soc. Auto Transp., Inc.*, Civil Action No. 3:23cv265, 2024 U.S. Dist. LEXIS 58460, at *22 (E.D. Va. Mar. 29, 2024) (citation omitted). Numerous other Federal Circuit opinions have reached the same conclusion. *E.g., Simio*, 983 F.3d at 1365 (affirming dismissal where the plaintiff "ha[d] not explained how it might benefit from any particular term's construction under an Alice § 101 analysis"); *Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 524-25 (Fed. Cir. 2021); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017).

Even if Plaintiff had proposed specific constructions, "there is no claim construction dispute relevant to eligibility [where the Court] can fully understand the basic character of the claims without claim construction." *Reese*, 774 F. App'x at 660. The patent is clear that the innovation is the transition effects, and each claim term, even if narrowly construed, carries out that abstract idea using admittedly generic and routine technology. Thus, "[n]o formal claim construction [is] required because the asserted claims disclose[] no more than 'an abstract idea garnished with accessories' and there [is] no 'reasonable construction that [c]ould bring [them] within patentable subject matter.'" *Ultramercial, Inc. v. Hulu*, LLC, 772 F.3d 709, 719 (Fed. Cir. 2014).

    2. <u>The '643 Patent is Directed at an Abstract Idea – Displaying Transition Effects Between Presentations</u>

Applying transition effects between visual displays is a fundamental practice and a well-understood human organizational concept. Plaintiff argues that "Footage Firm's 'abstract idea' is so narrow and so clearly within the technological framework of claim 16 that it can hardly be called 'abstract' at all." Dkt. 21 at 8. The statement is ironically abstract and generic itself. Notably, Plaintiff never explains how Defendant's articulation is too abstract, failing to identify

3

what in the claim is missing. Regardless, as Defendant explained in its motion to dismiss, claims analogous to fundamental practice are generally ineligible for patent protection under 35 U.S.C. § 101. *See, e.g.*, *Alice Corp. Pty. Ltd.* v. *CLS Bank Int'l.*, 573 U.S. 208, 216-18 (2014); *Bilski v. Kappos*, 561 U.S. 593, 601-02 (2010).

For example, during a stage performance, lowering and raising the curtain between the different acts, while the background on stage is changed to match the respective speaker, is a fundamental concept well known to stage performers and public orators for centuries. There, the curtain raising and lowering acts as a transition effect between different displays – either the next public speaker making a presentation or the next act in a stage play.

Such fundamental ideas cannot be removed from the public domain and owned as private property because they are basic tools in the "storehouse of knowledge" that are "free to all … and reserved exclusively to none." *Bilski*, 561 U.S. at 602 (citation omitted). Plaintiff cannot circumvent this law by limiting the fundamental idea to a particular technological environment or implementing it using generic or routine computer technology or claiming the abstract idea is "so narrow and so clearly within the technological framework" that it is not "abstract." Dkt. 21 at 8. To the contrary, the abstract idea Defendant identified, applying transition effects between visual displays, encompasses both the stage performances using a curtain and the '643 patent. Accordingly, the claims of the '643 patent are directed to the abstract idea and therefore fail step 1 of *Alice*.

### 3. Plaintiff Again Fails to Argue How the Patent Improves the Technology

Plaintiff fails to address, let alone distinguish, the Federal Circuit's reasoning in *Interval Licensing* which is directly instructive. *See* Dkt. 16 at 9-10; Dkt. 21 at 8. Instead, Plaintiff again merely relies on conclusory allegations that "Claim 16 is far from merely claiming a 'result' without a method for achieving it." Dkt. 21 at 10.

As an initial matter, Plaintiff's opposition does not dispute that the individual claimed elements of claim 16 were well known in the art. The '643 patent confirms it is reciting conventional elements well known in the art. *See* '643 patent at 1:28-29 ("tools that control the visual presentation of data from a presenter to a viewer are known in the art"), 6:3 ("[t]ransition effects are known in the art"), 6:51-54 ("given that such transition effects and their associated animation techniques are readily known in the art, the details of implementing various transition effects need not be set out herein."). Instead, Plaintiff argues that the conventional functions, as a claimed combination, is not well understood because it purportedly enables a new functionality. Dkt. 21 at 9 ("Plaintiff's specific allegation that 'the claimed methods enabled **new functionality** that was not previously possible'"). Even if it does enable a new functionality (which it does not), the '643 patent fails to teach *how* it achieves this allegedly new functionality. And "a claim for a new abstract idea is still an abstract idea." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016); *see also Intell. Venture I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) ("'novelty of any element or steps in a process, or even the process itself, is of *no relevanc*e" in determining § 101 eligibility) (emphasis added).

In *Interval Licensing* the Federal Circuit concluded that the claim limitations at issue "are conventional functions stated in general terms and do not further define *how*" the claim achieves its result. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1338 (Fed. Cir. 2018). Critically, "the claims fail under § 101's abstract idea exception because they lack any arguable **technical advance over conventional computer** and network technology for performing the recited functions." *Id*. Plaintiff further confirmed at oral argument that "these instructions, reciting functions in general terms for accessing, scheduling, and then displaying data, are not inventive, but conventional; it instead focused its arguments on their use in connection with the claimed

5

'attention manager.'" *Id*. The Federal Circuit then carefully considered and rejected Interval Licensing's argument that the ordered combination presented an inventive concept – specifically because the patent at issue failed to teach *how* to achieve the claimed function:

> Interval Licensing argues that its claims are not directed to an abstract idea in light of the claimed instructions. This argument also fails. As an initial matter, **the claimed instructions do not identify how the attention manager performs the function** of ensuring a defined boundary between two data sets co-displayed on a screen. Instead, the instructions limitations are for either collecting a second data set or controlling the order and timing of when to display the collected second data set, not for *how* to engineer or program the display of the second data set in a way that does not interfere with the first data set, wherever that first data set may exist on a screen…. **The instructions limitations, taken as a whole, are thus abstract.**

*Interval Licensing LLC*, 896 F.3d at 1345

So too here. The claims of the '643 patent recite conventional functions in general terms that fails to teach any technical advance over conventional computer for performing the recited function. Plaintiff argues, "[a]t the heart of this solution is a method that associates specific transition effects with each potential pair of display configuration states." Dkt. 21 at 12 citing to Am. Compl. ¶ 16. Claim 16 fails to teach *how* to associate specific transition effects with each potential par of display configuration states. Specifically claim 16 only claims "for each pair of potentially successive visual display configuration states, associating a transition effect therewith." '643 patent claim 16.

Taken together this is a tautology. The heart of the invention "is a method that associates specific transition effects with each potential pair of display", Dkt. 21 at 12, and it achieves this by "associating a transition effect" "for each pair of potentially successive visual display configuration states." '643 patent, claim 16. Plaintiff does not dispute this tautology because it cannot. Instead, Plaintiff argues "Claim 16's limitation requiring 'receiving transition input indicative to transition from a current visual display configuration state to a next visual display

6

configuration state,' read in the context of the entire claim, provides ample explanation for how the technological solution is achieved." Dkt. 21 at 10. The '643 patent concedes transitioning from one slide to another slide was already well known in the art. '643 patent 6:51-54 ("given that such transition effects and their associated animation techniques are readily known in the art, the details of implementing various transition effects need not be set out herein."). This element, either on its own, or in combination still fails to teach any technological improvement over the prior art. Accordingly, Defendant's motion to dismiss should be granted.

Similarly, Plaintiff's reliance on *Core Wireless* is misplaced. Dkt. 21 at 7. There, the claim "limitations disclose a specific manner of displaying a limited set of information to the user, rather than using conventional user interface methods to display a generic index on a computer." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1363 (Fed. Cir. 2018). As detailed above, the case at bar is distinguishable from *Core Wireless* and analogous to *Interval Licensing* because the claim elements fail to teach *how* to perform any technological improvement over the prior art. The claims of the '643 patent are directed at an abstract idea.

Lastly, Plaintiff argues "Claim 16 itself facially does not 'preempt' the 'use of any transition effects'" because the invention was aimed at "inappropriate transition effects." Dkt. 21 at 10-11. But this argument is not supported by the claim language. Claim 16 is directed to displaying a "transition effect associated with the defined pair of success visual display configuration states." '643 patent, claim 16. The bare language of the claim makes no limitations for slides presented out of their intended order or in their intended order. Indeed, as discussed in Defendant's opening brief, Plaintiff asserts this patent against a wide range of defendants, with no attention to implementation. In effect, claim 16 of the '643 patent preempts the use of *any* transition effects during the presentation of data. *See also, e.g., Ariosa Diagnostics, Inc. v.*

7

*Sequenom, Inc.*, 788 F. 3d 1371, 1379 (Fed. Cir. 2015) ("[P]reemption may signal patent ineligible subject matter . . . ."). This only further confirms that the claims of the '643 patent are directed to an abstract idea.

      **C.**    <u>**Legal Conclusions and Allegations Contrary to the Patent Cannot Manufacture a Question of Fact to Overcome *Alice* Step 2**</u>

In ruling on a Rule 12(b)(6) Motion to Dismiss, courts need not accept all allegations as true. *See, e.g., Yu v. Apple, Inc.*, 1 F.4th 1040, 1046 (Fed. Cir. 2021) ("Here, the district court . . . concluded that the claims were directed to patent-ineligible subject matter, despite Yu's allegations to the contrary. This is not error."). Courts may reject "attempt[s] to manufacture a factual question" that in actuality "provide no more than a series of legal conclusion[s] about the § 101 analysis." *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 F. App'x 529, 538 (Fed. Cir. 2020) (discarding plaintiff's allegations "that each of the patents solves given technological problems" where plaintiff "never provide[d] more support than a conclusory statement that 'the inventions described and claimed . . . solved these problems,' improved the art, 'represented a significant advance over existing approaches[,] and were not well-known, routine, or conventional'").

As detailed above, the intrinsic record (patent specification) confirms that the claims lack eligible subject matter. *See, e.g.,* '643 patent at 2:1-2 (acknowledging the alleged invention is "a presentation tool that will provide the functionality of a trained and intelligent director."). In such circumstances, the Federal Circuit holds the claim ineligible on motions to dismiss despite patentees' conclusory assertions of fact issues. *See, e.g., Simio,* , 983 F.3d at 1365; *see also Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (Fed. Cir. 2021) ("[T]he district court [properly] considered the intrinsic record and concluded that the claims were directed to patent-ineligible subject matter, despite … allegations to the contrary."); *Secured Mail Sols., LLC v. Universal Wilde, Inc.*, 873

F.3d 905, 913 (Fed. Cir. 2017) ("[A] court [on 12(b)(6)] need not accept as true [§ 101] allegations that contradict … the claims and the patent specification.").

Here, the Amended Complaint fails to allege any facts that establish that the purported invention is nothing more than an automated manual process that does not require anything beyond conventional computer technology. Plaintiff amended the complaint to include statements that the claims "addressed [] technical problems and "are directed to an "inventive and unconventional method", Am. Compl., ¶¶ 16, 22, but these assertions "come[] in the form of bare legal conclusion that the Court need not credit." *DriverDo*, 2024 U.S. Dist. LEXIS 58460, at *17. Notably, these assertions improperly contradict the claims and specification that establish that the claimed methods do no more than "provide the functionality of a trained and intelligent director." '643 patent at 2:1-2. Accordingly, this Court's opinion in *DriverDo* is directly on point rather than inapposite, as Plaintiff argues. Dkt. 21 at 13.

Plaintiff argues that the Amended Complaint must somehow raise an issue of fact that precludes dismissal. *See* Dkt 21 at 9. However, as an initial matter, Plaintiff's citation to the complaint in support of Alice step 1 is inapposite. Allegations in the pleadings "are not part of the Alice step 1 inquiry, they relate, if at all, to step 2." *See Realtime Data LLC v. Reduxio Sys., Inc.*, 831 F. App'x 492, 497 (Fed. Cir. 2020).

To prevent dismissal on the pleadings, the content of the pleadings must plausibly allege specific facts tied to the language of the claims that would create a dispute of fact at Alice Step 2. *E.g., Simio*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) ("We disregard conclusory statements . . . This is therefore not a case in which a complaint's allegations 'prevent resolving the eligibility question as a matter of law.'"). Plaintiff's amended complaint, as its original complaint, fails in this regard.

9

As detailed in Defendant's motion to dismiss and above, the claims of the '643 patent fail to add any inventive concept at *Alice* step two to transform the abstract idea into a patent eligible invention. As in *DriverDo,* here the patent fails to supply an inventive concept because "they articulate well-understood, routine, conventional activities" and "the combination of these non-specific components constitutes nothing more than the sum of its parts and does not recite an inventive concept." *DriverDo,* 2024 U.S. Dist. LEXIS 58460, at *69-70. The '643 patent claims merely track the necessary steps for performing the abstract idea using conventional functionality—which does not confer eligibility. *See*, *e.g., Alice*, 573 U.S. at 225-26. The claims provide no computer-specific solution to a uniquely computer-based problem, unlike the cases in which courts found patents eligible at *Alice* step two, such as *Bascom*, 827 F.3d at 1350 (specific improved architecture for filtering and customizing internet content), and *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) (specific solution to computer problem with no real-world analogue). Instead, the asserted claims supply only "result-based functional language"—they "do[] not sufficiently describe how to achieve these results," *Two-Way Media* at 1337, or "how to engineer" the system, *Interval Licensing LLC* v. *AOL, Inc.*, 896 F.3d at 1335 (Fed. Cir. 2018). This is insufficient to make the claims patent eligible. *See Apple, Inc.* v. *Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016) (general "functionality," not "particular way of programming or designing" software).

The Federal Circuit routinely finds such limitations non-inventive as a matter of law. *See, e.g.*, *Diebold Nixdorf, Inc. v. Int'l Trade Commission*, 899 F.3d at 1291 ("As a matter of law, narrowing or reformulating an abstract idea does not add 'significantly more' to it."); *RecogniCorp*, 855 F.3d at 1327 ("Adding one abstract idea … to another abstract idea … does not render the claim non-abstract.").

10

The claims of the '643 patent fail to add anything inventive at *Alice* step two.

    **D.**    **Complaint Should be Dismissed With Prejudice**

Plaintiff cannot "identif[y] with specificity any additional factual allegations or claim constructions that would render amendment … not futile." *Fast 101 Pty Ltd. v. CitiGroup Inc.*, 834 F. App'x 591, 594 (Fed. Cir. 2020) (affirming dismissal with prejudice and denial of futile amendments where patents lack eligible subject matter as a matter of law). No further amendment to the complaint could contradict the claims and specification that establish that the claimed methods do no more than "provide the functionality of a trained and intelligent director." '643 patent at 2:1-2. Plaintiff did not cure these deficiencies in its Amended Complaint, because it cannot. Accordingly, the Amended Complaint should be dismissed with prejudice.

**III.**    **CONCLUSION**

The claims of the '643 patent are ineligible under the framework set out in *Alice*, and the case should be dismissed with prejudice.

Respectfully submitted,

DATED: March 14, 2025                           PAUL HASTINGS LLP


                                                By: */s/ Allan M. Soobert*
                                                    Allan M. Soobert, Bar No. 35817
                                                    allansoobert@paulhastings.com
                                                    Lisa Nguyen *(admitted pro hac vice)*
                                                    lisanguyen@paulhastings.com
                                                    Boris Lubarsky*(admitted pro hac vice)*
                                                    borislubarsky@paulhastings.com

                                                2050 M Street NW
                                                Washington, DC  20036
                                                Telephone:   1(202) 551-1700
                                                Facsimile:   1(212) 551-1705

                                                Attorneys for Defendant Footage Firm, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                */s/ Allan M. Soobert*
                                                Allan M. Soobert

12